UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHUCK LAWRENCE JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:11CV01830 ERW |
| | ) |
| FRANKLIN COUNTY COURTS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Chuck Lawrence Johnson for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the completed application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must

also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## The complaint

Plaintiff seeks monetary relief and the reinstatement of his driver's license in this action against defendants Franklin County Courts, Franklin County Prosecuting Attorney, and Franklin County Public Defender. Plaintiff alleges that he was convicted in 2005 of a traffic violation, "and then in 2008 Franklin Co. Courts requested [his] driving license be taken for 10 years." Plaintiff claims that a police officer had admitted in court that he had violated plaintiff's rights. Plaintiff claims that defendants thereby denied him his right to a fair and impartial trial and engaged in malicious prosecution. He asks this Court to fire the prosecuting attorney.

Although plaintiff has failed to state the jurisdictional grounds for filing this action in Federal Court, the Court will liberally construe the complaint as having been brought under 42 U.S.C. § 1983.[1]

## Discussion

Having carefully reviewed plaintiff's allegations, the Court concludes that the complaint is legally frivolous. To state a § 1983 claim, a plaintiff must first establish that a person acting under color of state law committed actions which form the basis of the complaint. *See, e.g.*, *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Defendant Franklin County Courts is not a person under § 1983. *See Harris v. Missouri*

---

[1]To the extent that plaintiff is attempting to bring this action under 28 U.S.C. § 1332, subject matter jurisdiction does not exist, because complete diversity of citizenship is lacking. *See* 28 U.S.C. § 1332.

*Court of Appeals, Western Dist.*, 787 F.2d 427 (8th Cir. 1986)(courts are not "persons" for § 1983 purposes).

Moreover, a prosecutor is absolutely immune from suit for damages under § 1983 for alleged violations committed in "initiating a prosecution and in presenting the state's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Myers v. Morris*, 810 F.2d 1437, 1448 (8th Cir. 1987). This immunity extends to allegations of vindictive prosecution. *Myers v. Morris*, 810 F.2d at 1446. Last, public defenders performing lawyers' traditional functions do not act under color of state law for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). For these reasons, the Court will dismiss this action under § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED**, as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 22nd day of November, 2011.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE